UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-175-GCM
(3:99-cr-154-GCM-1)

| CHARLES EMMANUEL BROWN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | **ORDER** |
| v. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court on *pro se* Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized successive § 2255 petition which must be dismissed for lack of jurisdiction.

I.     **BACKGROUND**

Petitioner and several co-defendants were indicted in a bank robbery conspiracy. (3:99-cr-154, Doc. No. 33). Petitioner was charged with 22 counts. He pled guilty to: Count (1), conspiracy to commit robbery and bank robbery (18 U.S.C. § 371); Count (4), using and brandishing a firearm during and in relation to a crime of violence, "namely, credit union robbery" on or about December 16, 1998 (18 U.S.C. § 924(c)(1) and 2); and Count (7), using and brandishing a firearm during and in relation to a crime of violence, "namely, credit union robbery" and aiding and abetting on January 29, 1999 (18 U.S.C. §§ 924(c) and 2). (Id.). The Court accepted his guilty plea, adjudicated him guilty, and sentenced him to 60 months' imprisonment for Count (1), seven years for Count (4), consecutive, and 25 years for Count (7),

1

consecutive. (Id., Doc. No. 94); see (Id., Doc. No. 97) (Amended Judgment). Counsel filed a memorandum brief on direct appeal but addressed the possibility that Petitioner had received ineffective assistance of counsel. Petitioner did not file a *pro se* brief. The Fourth Circuit Court of Appeals affirmed. United States v. Brown, 38 Fed. Appx. 166 (4th Cir. 2002). Petitioner filed a second appeal in 2013 that was dismissed as untimely. United States v. Brown, 546 Fed. Appx. 328 (4th Cir. 2013).

Petitioner next filed a § 2255 Motion to Vacate, case number 3:14-cv-458. The Court dismissed the § 2255 Motion to Vacate with prejudice as time-barred. Brown v. United States, 2014 WL 5361338 (W.D.N.C. Oct. 21, 2014). Petitioner's appeal was dismissed as untimely. United States v. Brown, 623 Fed. Appx. 83 (4th Cir. 2015).

Petitioner filed the instant § 2255 Motion to Vacate on March 5, 2020.[1] He argues that his § 924(c) convictions must be vacated in light of United States v. Davis, 139 S.Ct. 2319 (2019) and United States v. Walker, 934 F.3d 375 (4th Cir. 2019).

**II.    LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

---

[1] The post-mark date is used here because Petitioner failed to certify the date upon which he surrendered the petition to prison authorities for mailing. See generally Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule).

evidence that no reasonable factfinder would have found the movant guilty of the offense; or

        (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider a second or successive § 2255 petition. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015).

## III. DISCUSSION

The instant Motion to Vacate is an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 petition which the Court denied as untimely, which is considered a merits determination. See Rudisill v. United States, 2010 WL 4510913 (W.D.N.C. Nov. 2, 2010) (dismissal with prejudice as time-barred is an adjudication on the merits). Petitioner has now filed another § 2255 petition and he does not allege that he has received permission from the Fourth Circuit a second or successive § 2255 petition under § 2255(h).

## III. CONCLUSION

For the reasons stated herein, the instant § 2255 Motion to Vacate is dismissed as an unauthorized, successive § 2255 petition over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1.     Petitioner's § 2255 Motion to Vacate, (Doc. No. 1), is **DISMISSED** for lack of

jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 14, 2020

Graham C. Mullen
United States District Judge